1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

STEVE HARRINGTON,

Petitioner,

v.

PATRICK COVELLO, Warden,

Respondent.

Case No.:  19-cv-1824-LAB-RBM

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE RE: (1) RESPONDENT'S MOTION TO DISMISS; AND (2) PETITIONER'S MOTION TO AMEND PETITION**

**[Docs. 1, 7, 11]**

## I.    INTRODUCTION

On September 20, 2019, Petitioner Steve Harrington ("Petitioner"), a state prisoner proceeding pro se and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus ("the Petition") under 28 U.S.C. § 2254.  (Docs. 1, 4.)  Petitioner was convicted of first-degree residential burglary and sentenced in the San Diego County Superior Court.  (Doc. 1 at 1 (citing San Diego Cnty. Super. Ct. Case No. SCD216977); Doc. 7-1 Ex. 1, at 10-11.)  First-degree burglary is a violent felony under California law. CAL. PENAL CODE § 667.5(c)(21). As outlined below, the California Department of Corrections and Rehabilitation ("CDCR") excluded violent felonies from California's Proposition 57 ("Prop 57") parole scheme.

1

CAL. CODE REGS. tit. 15, §§ 3490, 3490(c). Liberally construing the Petition, Petitioner alleges CDCR erred in excluding him from Prop 57 early parole consideration. (*See* Doc. 1 at 6.)

Before the Court are the underlying Petition, Respondent Patrick Covello's ("Respondent") Motion to Dismiss the Petition ("Motion to Dismiss"), and Petitioner's Opposition to the Motion to Dismiss ("Opposition"). (Docs. 1, 7, 11.) Also before the Court is a "Request for Extension of Time to Amend and Appointment of Counsel" that Petitioner included within his Opposition. (Doc. 11 at 7-8.) Combining an opposition brief and a motion within the same filing violates Civil Local Rule 5.1(m). *See* CivLR 5.1(m) (stating, "[a]ll documents submitted for filing must be filed and captioned *separately*.") (emphasis added). Nonetheless, pro se litigants are relieved from "strict application of procedural rules." *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Construing the motion filing liberally, it is construed as two motions: (1) a Motion to Amend the Petition ("Motion to Amend"); and (2) a Motion to Appoint Counsel. The Motion to Amend will be addressed herein, but the Court will address the Motion to Appoint Counsel in a separate Order.

After a thorough review of the papers on file, the facts, and the applicable law, the undersigned respectfully recommends that Petitioner's Motion to Amend be **DENIED**, Respondent's Motion to Dismiss be **GRANTED**, and that the Petition be **DISMISSED**.

## II.   BACKGROUND & PROCEDURAL HISTORY

Taking all material allegations from the Petition as true, the underlying offense, conviction, direct appeal, enactment of Prop 57, and resulting state habeas proceedings are outlined below. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

A.   Underlying Offense

In 2008, Petitioner kicked in the door of a home, entered, rummaged through a few rooms, and left with a backpack and numerous valuables. (Doc. 7-1 Ex. 2, at 16.) An occupant of the home was present during the burglary. (*Id.*) At the time of arrest, Petitioner

had the stolen items in his possession. (Doc. 7-1 Ex. 2, at 16.) Petitioner's shoes matched the mark left on the kicked door. (*Id.*)

B.   Conviction

A jury found Petitioner guilty of first-degree burglary (CAL. PENAL CODE § 459) and also found he had suffered ten prior convictions (CAL. PENAL CODE § 667(a)(1)). (*See* Doc. 7-1 Ex. 1, at 11 & Ex. 2, at 15-16; *see also* Doc. 1 at 2 (citing San Diego Cnty. Super. Ct. Case No. SCD216977).) The court determined the prior convictions qualified as five prior prison terms, two serious felony prior convictions and two strikes. (Doc. 7-1, Ex. 2 at 15-16.) The court dismissed the prison priors and one of the strikes and sentenced Petitioner to eighteen years in prison: eight years for residential burglary with five-year enhancements for each serious felony prior. (*Id.*)

C.   Direct Appeal

In 2011, the California Court of Appeal affirmed the judgment of the Superior Court. (Doc. 1 at 2-3 (citing Cal. Ct. App. Case No. D056964); Doc. 7-1 Ex. 2, at 15-20.) Petitioner alleges he filed a petition with the California Supreme Court to review the court's decision, but he did not indicate a result or list a case number. (Doc. 1 at 3.)

D.   Prop 57

In 2016, California voters passed Prop 57 which added a provision to the California Constitution to read: "[a]ny person convicted of a *nonviolent felony offense* and sentenced to a state prison shall be eligible for parole consideration after completing the *full term for [their] primary offense*." CAL. CONST. art. I, § 32, subd. (a)(1) (hereafter [§] 32(a)(1)) (emphasis added). Section 32(a)(1)(A) defines "the full term for the primary offense" as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." *See In re Edwards*, 26 Cal. App. 5th 1181, 1184 (Cal. Ct. App. 2018). Prop 57 authorized CDCR to promulgate California regulations clarifying that violent felonies are excluded from the parole scheme, wherein "violent felony" is defined in section 667.5(c) of the California Penal Code. CAL. CODE REGS. tit. 15, § 3490(c).

3

Because first-degree burglary is a violent felony under California law, Petitioner is not eligible for Prop 57 consideration. CAL. PENAL CODE § 667.5(c)(21). Petitioner challenged his exclusion from Prop 57 early parole consideration in state habeas proceedings as well as in this case.

### E.   State Habeas Corpus Proceedings

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (Doc. 1 at 3-4 (citing Cal. Ct. App. Case No. HC21267).) Petitioner argued CDCR denied him equal protection under the laws by "excluding second-strike offenders from early parole." (*Id.*) On May 2, 2019, the California Court of Appeal denied the petition. (*Id.*)

On May 31, 2019, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (*Id.* at 4 (citing Cal. Case No. S256097).) Petitioner raised the same grounds for relief as raised in the California Court of Appeal. (*Id.*) The California Supreme Court denied the petition. (*Id.*)

## III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). The court must dismiss a cause of action that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). All material allegations in the complaint, "even if doubtful in fact," are assumed true. *Twombly*, 550 U.S. at 555. At the same time, however, allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

## IV.   DISCUSSION

As an initial matter, a petitioner cannot transform a state-law issue into a federal one by a cursory mention of a constitutional violation. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) *cert. denied*, 522 U.S. 881 (1997). Liberally construing the Petition, Petitioner has two contentions: (1) he is eligible for Prop 57 early parole consideration,

4

because his burglary is a non-violent felony offense; and (2) CDCR erred in excluding Petitioner from Prop 57 early parole in violation of the "Equal Protection Clause" of the Fourteenth Amendment. (Doc. 1 at 5-6; Doc. 11 at 1); U.S. CONST. amend. XIV, § 1. Respondent contends the Petition should be dismissed for two reasons: (1) the claim does not lie at the core of federal habeas corpus; and (2) it fails to state a cognizable federal habeas claim. (Doc. 7-1 at 2-6.) Petitioner's Opposition clarifies that the sole issue before the Court is that his first-degree burglary conviction is a nonviolent felony.[1] (Doc. 11 at 1 (stating, "the only issue that Petitioner is and was not a violent crime [sic].").) Petitioner also filed a Motion to Amend. (*Id.* at 7-8.)

A.   Motion to Amend

Petitioner requests leave to amend the Petition. (Doc. 11 at 7.) But Petitioner failed to offer any basis to grant the Motion to Amend. (*See id.* at 7-8.) Other than bare conclusory allegations of harm, Petitioner offers no specific portion of the Petition to amend, no new grounds for relief, and no new supporting facts. (*See generally id.*)

Having reviewed Petitioner's Motion to Amend, the undersigned respectfully recommends the Motion to Amend be **DENIED** without prejudice.

B.   Federal Habeas Corpus Relief

A prisoner is entitled to federal habeas relief only if he is held in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a) (2018); *see Wilson v. Corcoran*, 562 U.S. 1, 1-2 (2010) (per curiam).

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244 (2018), applies to federal habeas petitions filed after April 24, 1996. *Woodford v. Garceau*,

---

[1] Petitioner's Opposition also raises several new issues for the first time: violation of his Due Process rights, liberty interest, the Fourth Amendment, and exhaustion of his claims. (*See generally* Doc. 11.) Petitioner is prohibited from alleging new facts for the first time in his Opposition. *See Schneider v. Cal. Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). "The court's obligation to read the pleadings liberally in pro se cases extends to facts actually contained in the pleadings and does not grant a pro se petitioner free rein to raise new facts and theories in his opposition." *See Saif'ullah v. Cruzen*, No. 15-cv-01739 LHK (PR), 2017 WL 4865601, at *3 (N.D. Cal. Oct. 26, 2017). Thus, the undersigned will not address new issues and or theories raised for the first time in the Opposition.

538 U.S. 202, 210 (2003) (citing *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997)). The Petition here was filed on September 20, 2019, thus, AEDPA applies. (Doc. 1); *see Woodford*, 538 U.S. at 204. Under AEDPA, a writ of habeas corpus shall not be granted on a claim adjudicated on the merits in state court unless the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" as determined by the Supreme Court; or (2) resulted in a decision "based on an unreasonable determination of the facts" considering evidence presented in state court. 28 U.S.C. § 2254(d)(1)-(d)(2).

Federal habeas relief does not lie for state law errors. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (stating, federal habeas relief "does not lie for errors of state law . . . it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Wilson*, 562 U.S. at 5. Moreover, a mere error of state law is not a denial of due process. *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (internal citations omitted).

        *i.*      *Petitioner Failed to State a Cognizable Federal Habeas Claim*

Here, Petitioner fails to state a cognizable federal habeas corpus claim. Petitioner's argument as to his eligibility for Prop 57 early parole consideration challenges CDCR's application of its own regulations and the laws of the state of California. This raises only an error of state law, not federal law. *See Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010). Moreover, Petitioner's bare, conclusory allegation of a violation of his equal protection rights fails to state a claim. *See Twombly*, 550 U.S. at 555 (stating, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."); *see also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Finally, Petitioner's requested relief is outside "the core of habeas corpus," as success on the merits of the claim does not necessarily lead to a speedier release. *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016).

        1.      <u>A State Law Error is Not a Cognizable Federal Claim</u>

If a petition raises only a violation of state law and no federal claim is presented, then the petition is subject to dismissal for failure to state a claim. *See O'Bremski v. Maass*,

915 F.2d 418, 420 (9th Cir. 1990).  Stated differently, a petition is not cognizable "where the petitioner fails to allege a federal claim."  *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) (citing *Park v. Cal.*, 202 F.3d 1146, 1149-50 (9th Cir. 2000)).  Unless arising to the level of a due process violation, state law errors are not cognizable federal habeas claims. *See Lewis v. Jeffers*, 497 U.S. 764, 781 (1990); *Rhoades*, 611 F.3d at 1142.  A petitioner may not transform a state-law issue into a federal one by a mere cursory mention of a constitutional violation.  *See Langford*, 110 F.3d at 1389.  "Habeas corpus relief is 'unavailable for alleged error in the interpretation or application of state law.'"  *Windham v. Merkle*, 163 F.3d 1092, 1107 (9th Cir. 1998) (quoting *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985)).

Here, Petitioner cites *People v. Gallardo* to support his claim that CDCR erred in excluding him from Prop 57 early parole consideration.  (Doc. 1 at 6 (citing 4 Cal. 5th 120, 125 (2017)).)  *Gallardo*, a California Supreme Court case, involved application of a state law recidivist sentencing scheme in the context of the Sixth Amendment right to a jury trial.  *Id.* at 134-36.  The case also involved a state judge's impermissible factual inquiry into a prior plea.  *Id.* at 137.  *Gallardo* is a state supreme court's interpretation of its state law and state court actions and whether they comport with the Sixth Amendment right to a jury trial.  *Id.* at 134-40.  Contrary to *Gallardo*, Petitioner is challenging a state law issue— interpretation and application of Prop 57—in *federal* court.  And Petitioner does not allege a Sixth Amendment violation.  Thus, *Gallardo* has no application to the present case.

Petitioner cites two additional cases to support his Petition:  *In re Edwards*, 26 Cal. App. 5th 1181 (Cal. Ct. App. 2018), and *In re McGhee*, 34 Cal. App. 5th 902 (Cal. Ct. App. 2019).  (Doc. 11 at 1-2, 5.)  The state appellate court in *In re Edwards* analyzed and voided a CDCR regulation excluding inmates incarcerated for a life term as inconsistent with Prop 57.  26 Cal. App. 5th at 1188, 1192-93.  Similarly, the state appellate court in *In re McGhee* analyzed and voided a CDCR screening and referral regulation as inconsistent with Prop 57.  34 Cal. App. 5th at 905, 914.  Neither case is applicable here.  Both cases are state courts interpreting and voiding a state agency's regulations as inconsistent with a state

7

constitutional amendment.  These cases highlight that Petitioner's claim alleges a violation of state law, which is not a cognizable federal habeas claim.  *Estelle*, 502 U.S. at 67-68.

Here, Petitioner contends CDCR erred in its promulgation of clarifying regulations by classifying his crime as violent and excluding him, a "second-strike offender," from Prop 57 early parole consideration.  (Doc. 1 at 5-6; Doc. 11 at 1 (stating "Petitioner is and was not a violent crime [sic].").)  In other words, Petitioner alleges a state agency erred in interpreting and applying his state law criminal offense in connection with an amendment to the California State Constitution, i.e., Prop 57.  (Doc. 1 at 5-6 (stating "the regulations implemented by CDCR are in direct conflict with the California Constitution.").)

Without a federal claim, the Petition fails to allege a cognizable claim for federal habeas relief.  Thus, the Petition should be dismissed.  *Clayton*, 868 F.3d at 845; *O'Bremski*, 915 F.2d at 420.

## 2.   Petition Fails to State a Claim for Equal Protection Violations

Petitioner broadly argues his equal protection rights were violated when CDCR allegedly denied him early parole consideration.  (*See* Doc. 1 at 5-6.)  Respondent counters that Petitioner made only a cursory mention of the federal Constitution and therefore failed to transform his state-law claim into a federal one.  (*See* Doc. 7-1 at 5 (citing *Langford*, 110 F.3d at 1389; *Wilson*, 562 U.S. at 5; *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989)).)

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike."  *See, e.g.*, *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

To establish an equal protection violation, Petitioner must first demonstrate "that the [challenged] statute, either on its face or in the manner of its enforcement, results in members of a certain group being treated differently from other persons based on membership in that group."  *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999). "Second, if it is demonstrated that a cognizable class is treated differently, the court must analyze under the appropriate level of scrutiny whether the distinction made between the

8

1  two groups is justified." *McLean*, 173 F.3d at 1185. (citation and quotations omitted).
2  Unless a legislative classification warrants heightened review because it targets a suspect
3  class or burdens the exercise of a fundamental right, the Equal Protection Clause requires
4  only that the classification be rationally related to a legitimate state interest. *See Vacco v.*
5  *Quill*, 521 U.S. 793, 799 (1997).

6  The Equal Protection Clause applies strict scrutiny if the aggrieved party is a member
7  of a protected or suspect class or otherwise suffers the unequal burdening of a fundamental
8  right. *City of Cleburne*, 473 U.S. at 439-40. "Government actions that do not . . . involve
9  suspect classifications will be upheld if [they] are rationally related to a legitimate state
10 interest." *Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1208 (9th Cir. 2005).

11 Here, Petitioner merely broadly alleges CDCR denied him equal protection of the
12 law when it denied him early parole consideration. (Doc. 1 at 5-6.) He fails to allege either
13 discriminatory intent or set forth any facts supporting his conclusory claim. (*See id.*)
14 Nowhere in the Petition does Petitioner allege that membership in a protected class was the
15 basis of any alleged discrimination. (*Id.*) In the Opposition, Petitioner fails to even address
16 his equal protection argument. (*See generally* Doc. 11.)

17 In reviewing the Petition and Opposition, Petitioner presented no evidence of
18 Respondent's discriminatory intent and there is no factual basis for an inference of an intent
19 to discriminate based upon an impermissible characteristic. *Maynard v. City of San Jose*,
20 37 F.3d 1396, 1404 (9th Cir. 1994) (stating, "[i]ntentional discrimination means that a
21 defendant acted at least in part *because* of a petitioner's protected status."). On federal
22 habeas review, "[c]onclusory allegations [unsupported] by a statement of specific facts do
23 not warrant habeas relief." *See, e.g., James*, 24 F.3d at 26; *see also City of Cleburne*, 473
24 U.S. at 440 (holding a party alleging an equal protection claim must allege he was treated
25 differently from similarly situated individuals). As in *James*, Petitioner's conclusory equal
26 protection allegation is unsupported by a statement of specific facts. (*See generally* Doc.
27 1.) Thus, Petitioner's equal protection claim does not warrant habeas relief. *See Twombly*,
28 550 U.S. at 555; *see also James*, 24 F.3d at 26.

9

          ii.      *Relief Requested is Not within the Core of Habeas Corpus*

"[I]f a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under [42 U.S.C.] § 1983." *Nettles*, 830 F.3d at 934.  To fall within "the core of habeas corpus," success on the merits must "necessarily lead to his immediate or earlier release from confinement . . . ." *Id.* at 935 (citing *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)).

Here, Petitioner's claim does not fall within "the core of habeas corpus."  Prop 57 only provides *parole consideration* once the prisoner serves "the full term for [their] primary offense." CAL. CONST. art. I, § 32, subd. (a)(1).  Even if Petitioner succeeded on the merits, *early parole consideration* would not "necessarily lead to his immediate or [early] release" from prison. *See Nettles*, 830 F.3d at 934.  Early parole review is not an automatic grant of parole: the parole board would still need to consider "all relevant, reliable information" to determine "suitability for parole." *Id.* at 935.  The parole board could deny Petitioner parole "on the basis of any grounds presently available to it." *See id.*  Therefore, Petitioner's claim for relief, even if successful on the merits, is outside "the core of habeas corpus." *Id.* at 934.

In sum, Petitioner failed to state a cognizable federal habeas corpus claim. *Rhoades*, 611 F.3d at 1142; *Windham*, 163 F.3d at 1107; *see James*, 24 F.3d at 26.  Further, the relief requested falls outside "the core of habeas corpus" for not necessarily leading to Petitioner's immediate or earlier release from confinement. *Nettles*, 830 F.3d at 935.  Thus, the Motion to Dismiss should be **GRANTED** and the Petition be **DISMISSED**.

## V.   **CONCLUSION**

For the reasons given, the Court respectfully recommends Petitioner's Motion to Amend be **DENIED** without prejudice, and Respondent's Motion to Dismiss be **GRANTED** thereby **DISMISSING** the Petition.

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1), Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.  Any party may file

written objections with the Court and serve a copy on all parties on or before **July 8, 2020**. The document should be captioned "Objections to Report and Recommendation."  Any reply to the Objections shall be served and filed on or before **July 29, 2020**.  The parties are advised that failure to file objections within the specific time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATE: June 17, 2020

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE

11