# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE HARRINGTON,<br>        Petitioner,<br>v.<br>PATRICK COVELLO, Warden,<br>        Respondent. | Case No.: 3:19-cv-1824-LAB-RBM<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. 11] |

## I. INTRODUCTION

Petitioner Steve Harrington ("Petitioner"), a prisoner proceeding pro se and *in forma pauperis* on a Petition for Writ of Habeas Corpus (the "Petition"), filed a "Request for Extension of Time to Amend and Appointment of Counsel." (Doc. 11 at 7-8.) Petitioner included this request within his Opposition to Respondent Patrick Covello's ("Respondent") Motion to Dismiss the Petition. (*Id.* at 1-6.) Combining an opposition brief and a motion within the same filing violates Civil Local Rule 5.1(m). *See* CivLR 5.1(m) (stating, "[a]ll documents submitted for filing must be filed and captioned *separately*.") (emphasis added). Nonetheless, pro se litigants are relieved from "strict application of procedural rules." *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Liberally construing Petitioner's filing, it is construed as a Motion for Appointment

of Counsel ("Motion").[1]  *See Knaubert v. Goldsmith*, 791 F.2d 722, 729 (9th Cir. 1986) (stating, "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel.") (citations omitted). For the reasons discussed below, Petitioner's Motion is **DENIED**.

## II.   BACKGROUND

According to the Petition, Petitioner was convicted of first-degree burglary and sentenced in the San Diego County Superior Court. (Doc. 1 at 1 (citing San Diego Cnty. Super. Ct. Case No. SCD216977); Doc. 7-1 Ex. 1, at 10-11.) The California Court of Appeal affirmed Petitioner's judgment of conviction. (Doc. 1 at 2-3 (citing Cal. Ct. App. Case No. D056964); Doc. 7-1 Ex. 2, at 15-20.) Petitioner alleges he filed a petition with the California Supreme Court to review the court's decision, but he did not indicate a result or list a case number. (Doc. 1 at 3.) On May 2, 2019, the California Court of Appeal denied Petitioner's habeas petition. (*Id.* at 3-4 (citing Cal. Ct. App. Case No. HC21267).) On May 31, 2019, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (*Id.* at 4 (citing Cal. Case No. S256097).) The California Supreme Court denied the petition. (*Id.*)

On September 20, 2019, Petitioner filed the Petition in this Court. (Doc. 1.) Liberally construing the Petition, Petitioner has two contentions: (1) he is eligible for early parole consideration under Proposition 57 ("Prop 57") of the California Constitution; and (2) the California Department of Corrections and Rehabilitation erred in excluding Petitioner from Prop 57 early parole in violation of the Equal Protection Clause of the Fourteenth Amendment. (Doc. 1 at 5-6); CAL. CONST. art. I, § 32, subd. (a)(1); U.S. CONST. amend. XIV, § 1. On January 28, 2020, Respondent filed a Motion to Dismiss for failure

---

[1] As to Petitioner's "request for extension of time to amend," the undersigned addresses this request in a contemporaneously-filed Report and Recommendation of U.S. Magistrate Judge re: Respondent's Motion to Dismiss and Petitioner's Motion to Amend Petition. Thus, the only issue before the Court is Petitioner's Motion for Appointment of Counsel.

to state a claim. (Doc. 7.) As state above, Petitioner filed an Opposition to the Motion to Dismiss and combined the instant Motion within those papers. (Doc. 11.)

### III. APPLICABLE LAW

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *See Pennsylvania v. Finley*, 481 U.S. 551, 554-55 (1987) (stating, "we have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . the right to appointed counsel extends to the first appeal of right, and no further."); *e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Financially eligible habeas petitioners seeking relief under 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *e.g., Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition or utilizes the discovery process. *See Terrovona*, 912 F.2d at 1177, 1182; *see also* Rules 6(a) & 8(c), Rules Governing 28 U.S.C. § 2254 Cases (amend. Dec. 1, 2019). Otherwise, appointment of counsel is discretionary. *See Terrovona*, 912 F.2d at 1177.

Prisoners "applying for habeas relief are not entitled to appointed counsel unless the circumstances of [the] case [require appointment] to prevent due process violations." *Chaney*, 801 F.2d at 1196 (citations omitted). Appointing counsel is within the court's discretion; in deciding appointment of counsel, the court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In addition, appointment of counsel may be necessary if the petitioner has such limited education that they are incapable of presenting their claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970).

/ / /

/ / /

## IV. DISCUSSION

Here, appointment of counsel is unwarranted. First, the interests of justice do not require appointment of counsel. The record is adequately developed: no evidentiary hearing or use of the discovery process is warranted nor expected. *See Terrovona*, 912 F.2d at 1177, 1182. As noted in *Knaubert*, "unless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court [may] rely on the state court record alone." 791 F.2d at 729 (citation omitted). Presently, there is no indication an attorney would present additional compelling arguments or facts, so appointment is unwarranted. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

Likewise, the circumstances of this case do not require appointment of counsel to prevent a due process violation. *Chaney*, 801 F.2d at 1196 (citations omitted). Petitioner has not demonstrated an inability to present his claims. Rather, Petitioner has sufficiently represented himself to date and appears to grasp the issues and facts of his case. In fact, the Petition was pleaded sufficiently to warrant this Court's Order Requiring a Response to the Petition. (Doc. 5.) Moreover, Petitioner has not asserted mental incapacity or extreme complexity of legal issues. Petitioner included within his filing a declaration from an inmate who assisted him with his papers. (Doc. 11 at 8.) The inmate declared that he assisted Petitioner, because "the law library has no paralegal assistant and fails to provide proper assistance to" indigent inmates. (*Id.*) But as mentioned, Petitioner appears capable of presenting his arguments, and there is no indication an attorney would present additional compelling arguments. *See LaMere*, 827 F.2d at 626.

The Motion cites the "*Massiah* Doctrine" to support Petitioner's argument. (Doc. 11 at 7-8 (citing *Massiah v. U.S.*, 377 U.S. 201 (1964).) In *Massiah*, the Court held the government violated petitioner's rights by eliciting and using incriminating statements post-indictment and in the absence of counsel. (*Id.* at 206.) Here, Petitioner does not assert any pre-trial issues, incriminating statements used against him, or any explanation as to the

applicability of *Massiah* in post-conviction habeas cases. (Doc. 11 at 7-8.) The issues in *Massiah* are not present here, therefore *Massiah* is inapplicable.

As to financial eligibility for appointment of counsel, it is possible Petitioner is eligible. Petitioner has shown enough to proceed *in forma pauperis* and is likely financially eligible should appointment be warranted. (Docs. 3-4.) But even liberally construing the Petition, the Court does not find appointment of counsel is warranted for the reasons outlined above.

In sum, the record is adequately developed. Petitioner's mental incapacity is not at issue. Nor is there extreme complexity of legal issues. Rather, Petitioner has demonstrated an ability to present his claims pro se. In light of all of the foregoing, appointment of counsel is not warranted at this time.

## V. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**, without prejudice.

DATE: June 17, 2020

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE